PEOPLE ex rel. GARDEN CITY CO. v. VALENTINE et al., Assessors.

PEOPLE ex rel. CLINCH et al. v. SAME.

(Supreme Court, Appellate Division, Second Department. May 8, 1896.)

1. TAXATION—ILLEGAL ASSESSMENT—REMEDY.

Laws 1880, c. 269, § 1, provides that a petition to review an assessment shall state that the assessment is illegal or erroneous by reason of overvaluation, or is unequal; and section 4 provides that if it shall appear by the return that the assessment is illegal, erroneous, or unequal, for any of the reasons alleged in the petition, the court shall have power to order such assessment, if illegal, to be stricken from the roll, or, if erroneous or unequal, to order a reassessment or correction of such assessment, in whole or in part. *Held*, that where an assessment is illegal the court cannot order a reassessment or correction, but the only remedy is to strike the assessment from the roll.

2. SAME—NAME OF OWNER—ESTATE OF DECEDENT.

An assessment of land in the name of the estate of a decedent is void.

3. SAME—RECITALS IN ORDER.

An order directing a reassessment where the assessment was illegal, instead of striking it from the roll (Laws 1880, c. 269), is not validated by the fact that the order recites that the assessment was erroneous, where the specification in the order of the alleged error shows that the assessment was not erroneous, but was illegal.

4. SAME—APPEAL.

An appeal from so much of an order as directs a reassessment raises the question of the power of the court to make the order, and therefore brings up for review so much of the order as declared that the assessment was erroneous.

Pratt, J., dissenting.

Appeal from special term, Kings county.

Certiorari by the Garden City Company and by Charles J. Clinch and others against Jacob Valentine and others, assessors of the town of Hempstead, to review and correct an assessment levied on their property. From an order determining that the assessment roll on which relators were assessed was erroneous and invalid, and directing that the same be set aside, and ordering respondents to meet and forthwith reassess the land described therein, relators appeal. Reversed.

The petition of the Garden City Company recited that it owned a large tract of land near Garden City, known as part of the "Hempstead Plains," consisting of about 2,500 acres; that some of the lands were wild and uncultivated, while a portion thereof was used as farming land; that, in addition to the farm

land, it owned all of the buildings in Garden City, a village of about five or six hundred inhabitants; that said property was assessed illegally under the name of the "Estate of Cornelia M. Stewart"; that it was further illegally assessed by being jumbled together and combined with the village property of Garden City, and with a large tract of land belonging to the heirs of Cornelia M. Stewart, without any mode of distinguishing the Garden City property, or the tract of land belonging to the said Garden City Company, from that belonging to the heirs of Cornelia M. Stewart, and no mode of separating the amount of assessment to be applied to each class of property.

The petition of the Stewart heirs alleged that they owned a large tract of land near the town of Hempstead, containing about 5,000 acres; that it was assessed under the name of the "Estate of Cornelia M. Stewart," and was jumbled together and combined with the village property of Garden City, with a large tract of land belonging to a corporation known as the Garden City Company.

Argued before BROWN, P. J., and PRATT, BARTLETT, and HATCH, JJ.

Weller & Davison, for appellants.

George Wallace, for respondents.

HATCH, J. The proceedings herein were instituted by petitions, which alleged that the assessments complained of were illegal, erroneous, and unequal, and specified therein the particular grounds wherein the claimed defects existed. Writs of certiorari were issued thereon, and upon the return to said writs it disclosed the assessment rolls, and the proceedings had and taken by the assessors in respect thereto. At the conclusion of the hearing,—so far as important to the disposition of this appeal,—the court made the following order:

"It appearing that the assessment in said assessment roll * * * is erroneous, in that the assessment is made to the estate of Cornelia M. Stewart, it is ordered that said assessment be set aside as erroneous."

The authority for this proceeding is found in chapter 269 of the Laws of 1880. The act was passed, as expressed in its title, for the purpose of reviewing and correcting illegal, erroneous, or unequal assessments. By section 1 it is provided that a writ of certiorari may be allowed, upon petition of the aggrieved party to review an assessment of real or personal property for the purpose of taxation, when such petition—

"Shall set forth that the assessment is illegal, specifying the grounds of the alleged illegality, or is erroneous by reason of overvaluation, or is unequal in that the assessment has been made at a higher proportionate valuation than other real or personal property on the same roll by the same officers, and that the petitioner is or will be injured by such alleged illegal, erroneous or unequal assessments."

Section 4 provides:

"If it shall appear by the return to such writ that the assessment complained of is illegal, erroneous or unequal for any of the reasons alleged in the petition, the court shall have power to order such assessment, if illegal, to be stricken from the roll, or if erroneous or unequal, to order a reassessment of the property of the petitioner, or the correction of such assessment, in whole or in part, in such manner as shall be in accordance with law."

It is clear from a reading of the law that power is only conferred to order a reassessment, or correct the assessment made, where it

is erroneous or unequal. When it is illegal, by the express term of the statute, the assessment must be stricken from the roll, and no other remedy is provided in such case. And it can only be said to be erroneous when it arises by reason of overvaluation. Such is its defined character, by the provisions of section 1, which the petition is required to specify. The statute does not in terms, or by inference, assume to take jurisdiction of errors committed by the assessors, unless they fall within the designated class named therein. A petition which alleged that an assessment was erroneous, and specified grounds of error other than the statute provided, would confer no power upon the court to issue the writ; for, by section 4 unless it appear by the return that it is erroneous for reasons alleged in the petition, no power exists in the court to make any order in respect thereto, and what shall be stated in the petition to constitute error is clearly defined. It is quite apparent, therefore, that an illegal assessment must be stricken out, and that what is illegal may not be transformed into an erroneous assessment, within the meaning of the statute, for the purpose of ordering the assessors to make a reassessment. In the present case the petition and the return clearly showed that the assessment of the lands was absolutely illegal and void, by reason of its being made to the estate of Cornelia M. Stewart. Trowbridge v. Horan, 78 N. Y. 439; Cromwell v. MacLean, 123 N. Y. 474, 25 N. E. 932. The order, as entered, recites that the assessment is erroneous, but it also specifies in what the alleged error consists; and this appears not to be erroneous, as specified in the statute, but illegal, and calling it by another name does not change its character. It was claimed upon the argument that no appeal was taken from that part of the order which declared that the assessment was erroneous, and that, therefore, it must stand. The appeal is from so much of the order as directed a reassessment. This raised the question of power in the court to make such order, and, when it appears from the order that in fact the assessment was illegal, no authority existed in the court to do any other act than to strike it from the roll. Consequently error is shown in that part of the order appealed from which entitles the appellant to relief.

This leads us to the conclusion that the order, as made, is erroneous, and should be reversed, with $10 costs and disbursements.

BROWN, P. J., and BARTLETT, J., concur. PRATT, J., dissents.